IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANTOINE GUY JEAN PAUL BORDELAIS, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 17 C 4697 |
| | ) | |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| VALERIE ANN BORDELAIS, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER**

Petitioner Antoine Guy Jean Paul Bordelais has brought a single count "Petition for Return of the Minor Child in Accordance with the Hague Convention" seeking the return of his 13 year-old daughter, whom he claims was wrongfully removed from Switzerland by his wife, respondent Valerie Ann Bordelais. Respondent has moved to stay or dismiss this action under the abstention doctrine announced in <u>Colorado River Water Conservation Dist. v. United States</u>, 424 U.S. 800 (1976). For the reasons described below, the motion is granted and the instant action is stayed until further order of the court.

**BACKGROUND**

Petitioner (a citizen of France and resident of Switzerland) and respondent (a citizen of the United States) were married in Paris, France in October 1999. Their daughter ("S.B.") was born in 2003 in London, United Kingdom. S.B. is currently living with respondent in Naperville, Illinois. S.B. is a citizen of both France and the United States.

The family moved from the United Kingdom to Switzerland in January 2010, where they lived together until December 19, 2014, when petitioner and respondent legally separated. Shortly after the separation, respondent and S.B. moved to another residence in the same

community. At that time petitioner and respondent had been granted joint custody of S.B., who lived with respondent.

On September 23, 2016, respondent and S.B. travelled to the United States without giving petitioner any notice. The Swiss police notified petitioner on July 7, 2016, that respondent had left Switzerland for the United States. On July 14, 2016, petitioner applied to the Swiss Central Authority for the return of the child. Four days later petitioner filed for divorce with the Swiss courts.

Meanwhile, on July 11, 2016, respondent filed a "Petition for Dissolution of Marriage" in the Circuit Court of Will County, Illinois (No. 16 D 1203). Petitioner filed a "Petition for Return of Minor Child in Accordance with the Hague Convention" in that proceeding. That action was dismissed due to a scheduling error, but both parties refiled their petitions in the Circuit Court of Will County (No. 17 D 599). In addition, on April 6, 2017, petitioner filed a separate "Petition for Return of the Minor Child" in the Circuit Court. The two actions were consolidated, and respondent answered petitioner's petition and brought a counterclaim based on Article 13B of the Hague Convention, alleging grave risk to the child if returned, and Article 3 of the Convention, alleging that petitioner had failed to exercise his custody rights as required for removal. While those matters were pending, on June 22, 2017, petitioner filed the instant petition, which is an exact copy of the petition he filed in the state court. Respondent seeks to stay the instant action, arguing that she should not have to litigate substantially the same case in two courts.

**DISCUSSION**

"Federal courts have a 'virtually unflagging obligation' to exercise the jurisdiction conferred on them by Congress." AAR Int'l, Inc. v. Nimelias Enterprises S.A., 250 F.3d 510, 517 (7th Cir. 2001), quoting Colorado River, 424 U.S. at 817. Nonetheless, animated by concerns about "wise judicial administration" and "conservation of judicial resources," in Colorado River the Supreme Court held that under "limited" and "exceptional" circumstances, a federal district court may stay or dismiss[1] an action when there is an ongoing parallel action in state court. Colorado River, 424 U.S. at 818; LaDuke v. Burlington N.R. Co., 879 F.2d 1556, 1558 (7th Cir. 1989).

As the Seventh Circuit noted in Lumen Constr., Inc. v. Brant Constr. Co., Inc., 780 F.2d 691, 694 (7th Cir. 1985), "a federal court cannot lightly abjure its responsibility to assert jurisdiction." Thus, "if there is any substantial doubt that the parallel litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties, it would be a serious abuse of discretion for the district court to stay or dismiss a case in deference to the parallel litigation." AAR Int'l, 250 F.3d at 518 (internal citations omitted). To determine whether Colorado River abstention is appropriate, a court must first address whether the state and federal actions are parallel. Id. If the actions are parallel, the court then considers the factors articulated in Colorado River and its progeny to determine whether exceptional circumstances exist warranting abstention. Id. at 522.

---

[1] The Seventh Circuit has held that a stay, instead of a dismissal, is the appropriate procedure because a stay keeps the federal forum available if the state court action does not result in a final judgment. J & A Sales & Mktg., Inc. v. J.R. Wood, Inc., No. 01-C-6749, 2002 WL 653897, at *2 n.1 (N.D. Ill. April 19, 2002), citing Rosser v. Chrysler Corp., 864 F.2d 1299, 1308 (7th Cir. 1988).

Suits are parallel if "'substantially the same parties are litigating substantially the same issues simultaneously in two fora.'" Id. at 518 (quoting Schneider Nat'l Carriers, Inc. v. Carr, 903 F.2d 1154, 1156 (7th Cir. 1990)). A court asks not whether the suits are "formally symmetrical" or identical, but rather whether there is "a 'substantial likelihood' that the foreign litigation 'will dispose of all claims presented in the federal case.'" Id. (quoting Day v. Union Mines, Inc., 862 F.2d 652, 656 (7th Cir. 1988)). The mere presence of additional parties or issues in one of the cases will not necessarily preclude a finding that they are parallel. Caminiti & Iatarola, Ltd. v. Behnke Warehousing, Inc., 962 F.2d 698, 701 (7th Cir. 1992); Lumen, 780 F.2d at 695. "Among other things, to determine whether two suits are parallel, a district court should examine whether the suits involve the same parties, arise out of the same facts and raise similar factual and legal issues." Tyrer v. City of South Beloit, Ill., 456 F.3d 744, 752 (7th Cir. 2006).

If the court determines that the suits are parallel, the court must then analyze the following factors to determine whether "exceptional circumstances" exist to justify deference to the state courts under Colorado River: (1) whether the state court has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent fora; (5) the source of governing law; (6) the adequacy of state court action to protect the federal plaintiff's rights; (7) the relative progress of state and federal proceedings; (8) the presence or absence of concurrent jurisdiction; (9) the availability of removal; and (10) the vexatious or contrived nature of the federal claim. Lumen, 780 F.2d at 694-95. No single factor is determinative. See Colorado River, 424 U.S. at 818.

"The decision to abstain is based on an assessment of the totality of the circumstances." Finova Capital Corp. v. Ryan Helicopters U.S.A., Inc., 180 F.3d 896, 900 (7th Cir. 1999). Thus, this court's decision whether to abstain should not rest on a "mechanical checklist" of the relevant factors, and the weight given to any particular factor will vary greatly from case to case, depending on the particular factual setting. LaDuke, 879 F.2d at 1559, citing Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 16, 103 S.Ct. 927, 942 (1983).

In the instant case, petitioner does not, and cannot, dispute that at the time respondent filed the instant motion the two suits were parallel. He has filed the exact same petition in both courts, and both suits involve the same parties, arise out of the same facts, and raise similar factual and legal issues. Therefore, to avoid a stay of the instant action, petitioner claims that the state court petition was filed "incorrectly by his former attorney," and has attached what purports to be a motion he plans to file with the state court asking it to drop his claim for return of the child, so that he can proceed in this court. It is unclear whether that motion has been filed or ruled on.

In reply to petitioner's efforts, respondent argues that petitioner has violated the rule against "claim splitting," which generally requires a plaintiff to assert all of his causes of actions arising from a common set of facts in one lawsuit. See Carr v. Tillery, 591 F.3d 909, 913-14 (7th Cir. 2010). The Seventh Circuit "deprecates the practice of filing two suits over one injury – often with an argument based on state law presented to a state court, and an argument arising under federal law presented to a federal court." Rogers v. Desiderio, 58 F.3d 299, 300 (7th Cir. 1995). That is precisely what petitioner purports to do. The remedy for claim splitting is not, however, to dismiss the latter filed suit. "To discourage the tactic, judges award plaintiffs not the better

5

outcome but the first outcome: whichever suit goes to judgment first is dispositive, and the doctrine of claim preclusion (res judicata) requires the other court to dismiss the litigation." Id.

In the instant case, a majority of the Colorado River factors justify a stay. Because the issues raised in petitioner's petition are being litigated in the state court as part of respondent's counterclaim, there is no question that the state court action will adequately address petitioner's rights, even if he chooses and is allowed to withdraw part of his state court petition. That case has been pending for over a year, and there is no question that the state court has jurisdiction to hear all of petitioner's claims. 22 U.S.C. § 9003. "A federal judge confronted with duplicative litigation need not barge ahead on the off-chance of beating the state court to a conclusion." Rogers, 58 F.3d at 302 (citing Colorado River, 424 U.S. at 817-21). Consequently, the court concludes that a stay of the instant action is appropriate.

## CONCLUSION

For the reasons described above, respondent's motion to stay [Doc. 14] is granted. Petitioner's motion [Doc. 25] to dismiss respondent's motion is denied. This action is stayed until further order of the court. This matter is set for a report on status of the pending state court action on February 28, 2018. The status hearing previously set for January 11, 2018, is vacated.

**ENTER:** **December 19, 2017**

_____
**Robert W. Gettleman**
**United States District Judge**